UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MOHAMMAD ALNABULSI,

        Plaintiff,

v.                                                                                                 Case No. 24-C-302

MOUNT PLEASANT POLICE DEPARTMENT,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Mohammad Alnabulsi, who is currently incarcerated at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Alnabulsi's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Alnabulsi has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Under §1915(a)(2), "[a] prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Alnabulsi has informed the Court that, despite numerous efforts, he has been unable to secure a copy of his trust account statement. He explains that he owes the jail nearly $700 and that he last received a deposit (of $50) ten months ago. Dkt. No. 10. Although it is not clear from Alnabulsi's letter, the Court presumes that the jail charges inmates for copies of their trust account statements

and is unwilling to allow Alnabulsi to go further into debt for this purpose. The Court is satisfied that Alnabulsi wants to continue with this case and that he has made sufficient efforts to comply with the statute and the Court's orders. Accordingly, the Court concludes that Alnabulsi lacks the assets or means to pay an initial partial filing fee, and so it will grant his motion to proceed *in forma pauperis*. 28 U.S.C. §1915(b)(4). Alnabulsi will be required to pay the $350 filing fee over time in the manner directed at the end of this decision.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

2

Case 1:24-cv-00302-WCG   Filed 04/24/24   Page 2 of 5   Document 12

action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Alnabulsi, in 2018 he was "caught by Mt. Pleasant PD while [he] had an appointment for court regarding the same case." He further alleges that, in a 2020 case, the detective never investigated the case. Alnabulsi asserts that he spent six years in Racine County jail because of the Mt. Pleasant Police Department when he should have spent only one year in jail.

## THE COURT'S ANALYSIS

Alnabulsi alleges that, due to the actions (or inactions) of the Mt. Pleasant Police Department, he was incarcerated for longer than he should have been. Alnabulsi may not proceed on claims related to allegations of improper detention because such claims are barred by *Heck v. Humphrey*, which states that, if a judgment for the plaintiff would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," it is barred unless the conviction or sentence has already been invalidated. 512 U.S. 477, 487 (1994). Here, Alnabulsi complains that he was incarcerated for five years longer than he should have been. Success on that claim would mean that he was improperly imprisoned, but "a federal writ of habeas corpus or its state equivalent is the sole avenue for challenging the fact or duration of criminal detention while it is ongoing." *Ortega v. Ford*, No. 23-1784, at 4 (7th Cir. April 16, 2024) (slip copy) (citing *Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019)). Importantly, *Heck* does "not lose its vitality" even if Alnabulsi has

3

completed his sentences in connection with the 2018 and 2020 cases. *See Savory v. Cannon*, 947 F.3d 409, 424 (7th Cir. 2020). In short, Alnabulsi can "sue under § 1983 only if the detention [has been] invalidated through a process such as state appeal or executive clemency." *Ortega*, No. 23-1784, at 4. Because the complaint makes no such suggestion, any claims based on an alleged improper detention are barred by *Heck*.

**IT IS THEREFORE ORDERED** that Alnabulsi's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because the asserted claims are *Heck*-barred.

**IT IS FURTHER ORDERED** that the agency having custody of Alnabulsi shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Alnabulsi's prison trust account in an amount equal to 20% of the preceding month's income credited to Alnabulsi's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Alnabulsi is transferred to another institution, the transferring institution shall forward a copy of this Order along with Alnabulsi's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 24th day of April, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

5

Case 1:24-cv-00302-WCG   Filed 04/24/24   Page 5 of 5   Document 12